The plaintiff brought this appeal from the dismissal by the compensation review division of his appeal petition from a finding and award of the workers' compensation commissioner for the second district. The relevant facts in this case are as follows: On August 23, 1979, the plaintiff, an employee of the state, was injured while driving an employer-owned vehicle during the course of his employment. The plaintiff submitted a claim for workers compensation benefits. At the hearing on this claim, expert testimony was offered to establish that the plaintiff suffered significant scarring, a total loss of his reproductive system and spleen, a permanent partial loss of his nervous system, musculature system, excretory system and dermal system and was left a paraplegic.
The workers' compensation commissioner for the second district found that the plaintiff was permanently disabled by virtue of his paraplegia and awarded him benefits under General Statutes31-307 which authorizes compensation for total incapacity.[1] The commissioner did not make a finding or an award for benefits under General Statutes 31-308 (d) which provides compensation for permanent disfigurement and for loss of organ functions,[2] nor did he take up the issue of whether 31-308 (d) benefits were available in this case. *Page 650 
The plaintiff claims on appeal that the commissioner erred in failing to award him additional benefits under 31-308 (d). The compensation review division rejected this claim, stating that compensation under 31-308 (d) can only be awarded consecutively to benefits ordered under 31-307. The review division therefore concluded that the commissioner properly awarded benefits pursuant to 31-307 only.
The silence of the commissioner on the issue of31-308 benefits, however, precludes us from determining the merits of the plaintiff's claim. The compensation review division's authority in rendering a decision is limited to "affirming, modifying or reversing the decision of the commissioner." General Statutes 31-301. The commissioner made no finding regarding the evidence submitted to establish that the plaintiff had sustained injuries compensable under 31-308
(d). Lacking a decision by the commissioner on the applicability of 31-308 (d) to the plaintiff's claim for compensation, the review division could only speculate as to the reason why the commissioner failed to award the plaintiff compensation under31-308 (d). We therefore find that the review division's affirmation and adoption of the commissioner's finding and award is unfounded, absent an articulation by the commissioner on this issue.
 There is error, the finding and award of the compensation review division is set aside and the case is remanded with direction to proceed on the appeal in a manner not inconsistent with this opinion.
DALY, COVELLO and HENNESSY, Js., participated in this opinion.